AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

**CRIMINAL COMPLAINT**

vs.

CASE NUMBER: 6 : 13 mj 1525 — 01
— 02

CRISTIAN OCTAVIAN BARBU
DOBRA GIGORE MARIN

I, the undersigned complainant, being duly sworn, state the following is true and correct

to the best of my knowledge and belief. Between on or about September 11, 2013, and

September 13, 2013, in Orange County, in the Middle District of Florida, defendants did,

knowingly, and with intent to defraud, produce, traffic in, have control or custody
of, or possess device-making equipment affecting interstate or foreign
commerce

in violation of Title 18, United States Code, Section 1029(a)(4) and (b)(2). I further state that I

am a Special Agent with Secret Service, and that this Complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

Signature of Complainant
Charles Johnsten

Sworn to before me and subscribed in my presence,

September 16, 2013                         at        Orlando, Florida

David A. Baker
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

**STATE OF FLORIDA**                                    Case No. 6:13-mj-

**COUNTY OF ORANGE**

### AFFIDAVIT

I, Charles Johnsten, being duly sworn, states as follows:

### Introduction

1.      I am a Special Agent (SA) with the United States Secret Service (USSS) assigned to the Orlando Field Office. Among my duties as a Special Agent, I am charged with the investigation of financial crimes, including bank fraud, wire fraud, identity fraud, credit card fraud, and the manufacturing, possession, and passing of counterfeit private securities, counterfeit United States currency, and counterfeit and fraudulent access devices, such as credit cards, debit cards, and gift cards.

2.      The information in this affidavit is based on my personal knowledge, information obtained by Financial Institutions, and information obtained from other law enforcement personnel. The information set forth herein is provided solely for the purpose of establishing probable cause in support of the requested arrest warrant. Because this affidavit is submitted for the limited purpose of establishing such probable cause, it does not include all of the details of this investigation of which I am aware.

3.      I make this affidavit in support of arrest warrants for **CRISTIAN OCTAVIAN BARBU** and **DOBRA GIGORE MARIN** for violations of 18 U.S.C. § 1029(a)(4) and (b)(2) (Access Device Fraud and Conspiracy to Commit Access Device Fraud).

1

**First Skim**

4.      On September 11, 2013, Chase Bank Investgator Michael Rohan was contacted by a Chase Bank Customer who reported that when he used a Chase Bank Automated Teller Machine (ATM) located at 2301 E. Colonial Dr., Orlando, FL, he observed a skimming device on the ATM machine.  Chase Bank is a financial institution the deposits of which are insured by the Federal Deposit Insurance Corporation.  After receiving the customer complaint Rohan reviewed the survellience video from the ATM Machine. Investigator Rohan was able to determine that on September 11, 2013 at approxiamtley 6:55 p.m., a white male (Suspect #1) wearing a hat and sunglasses approach the ATM machine located at 2301 E Colonial Dr. Orlando, and installed a skimming device. Rohan stated that he queried the ATM's transaction details and found that after (Suspect #1) installed the skimming device he inserted a "Sync Card," into the ATM Machine.  A "Sync Card" is an access device card that contains electronic data encoded on the magnetic strip. A "Sync Card" may be a debit, credit, or gift card. The purpose of this card is so the suspect attaching a skimming device onto the skimmer can test the ATM to ensure that the ATM device is still functioning properly after the device is attached.

5.      Rohan identified the "Sync Card" as Visa Debit Card # ****3501. After learning the information from the "Sync Card" Rohan stated he entered Visa Debit Card # ****3501into the Chase Automated Card Tracking Database.  Rohan entered Visa Debit Card # ****3501into the database so that if Visa Debit Card # ****3501was utilized at any other authorized Chase ATM Machine he would be notified immediately.

2

6.     At 10:08 p.m., September 11, 2013, Rohan identified a second white male (Suspect#2) wearing a white hat, white shirt, and grey pants approach the ATM maching and removed the skimming device. Rohan stated that 25 access devices were stolen during that time frame.

### Second Skim

7.     On September 13, 2013, at approximately 6:35 p.m. the Chase Bank ATM Skimming Team in Phoenix, Arizona, was notified by the Chase Automated Card Tracking Database that Visa Debit Card # ****3501was used at the Walk-Up ATM at Chase Bank Branch located at 7674 Dr. Phillips Drive, Orlando, Florida 32819. The Chase Bank ATM Skimming Team remotely observed (Suspect #1) install a skimming device on the Walk-Up ATM at the Chase Bank Branch located at 7674 Dr. Phillips Drive, Orlando, Florida 32819. The ATM Skimming Team immediately notified Investigator Rohan what they had witnessed.

8.     Investigator Rohan contacted Orange County Sheriff's Deputy Thomas Murphy and informed him of the above incident. Deputy Murphy and several other members of the Orange County Sheriff's Department conducted surveillance at the ATM machine while the Phoenix ATM Skimming Team and Investigator Rohan monitored the ATM via a live video feed. At approximately 10:15 p.m. while deputies were conducting surveillance of the ATM machine, Sgt. Marcy Pearce observed a white Male (Suspect #3) with a grey T-shirt and grey shorts walk across the strip mall parking lot located in the 7600 block of Dr. Phillips Blvd., Orlando, FL.  The strip mall parking lot is attached to the Chase Bank parking lot and is just west of the ATM machines location. Sgt. Pearce observed Suspect #3 walk through the drive up area of the bank.

3

Suspect #3 then walked around the building near a row of bushes while talking on his cellular phone.

9.      At approximately 10:17 p.m, Investigator Rohan observed Suspect #2 approached the Walk-Up ATM at the above listed Chase Bank Branch and remove the skimming device. While the device was being removed by Suspect #2 Investigator Rohan informed Deputy Murphy of its removal. Investigator Rohan positively identified Suspect #2 as the same person who removed the skimming device from the ATM machine listed in paragraph #4 above. Deputy Murphy along with other members of the Orange County Sheriff's Office took Suspect #2 into custody after he removed the skimming device and was walking through the parking lot. Suspect #2 was identified as **CRISTIAN OCTAVIAN BARBU** by a Romanian I.D. card. A search of **BARBU** was conducted and an ATM skimming device, along with a plastic Card reading ATM cover was located in his possession. After deputies placed **BARBU** into custody they located Suspect #3 in the rear parking lot of the 7600 block of Dr. Phillips Blvd.  Deputies identified Suspect #3 as **DOBRA GIGORE MARIN** by a Romanian I.D.

### Interview of BARBU

10.     After **BARBU** was placed into custody Deputy Murphy contacted Orange County Fire Fighter Maria Diaconu who spoke fluent Romanian. Firefighter Diaconu stated that she spoke fluent Romanian and could assist in the translation between myself and **BARBU**. After **BARBU** was read his Miranda Rights, **BARBU** stated he had been in the United States for one month. **BARBU** stated that he was residing with several friends to include **MARIN** at a nearby hotel. **BARBU** was unable to provide the name of the hotel he was currently residing or the directions to it. **BARBU** stated that he

4

has been friends with **MARIN** for a long time and that they were here on vacation. I asked **BARBU** who instructed him to remove the skimming device from the ATM. **BARBU** denied any knowledge of a skimming device. Deputy Murphy showed a photograph of him at a Chase Bank ATM located at 2301 E Colonial Dr., Orlando, FL. **BARBU** identified himself in the photograph and stated that he was using the ATM mentioned in paragraph #4 to withdraw money from his bank account. **BARBU** stated that when he approached the ATM machine he realized that he had forgotten his debit card. **BARBU** admitted that **MARIN** had driven him to the parking lot. **BARBU** stated he did not know where **MARIN** parked the car or what kind of car they had driven in. It should be noted that during the interview of **BARBU**, his phone rang on several occasions.

### Interview of MARIN

11.    In a Post-Miranda interview with **MARIN**, he stated that he had been in the United States traveling on vacation. **MARIN** stated he just met **BARBU** when he arrived in Orlando one week ago. **MARIN** stated that he traveled from Atlanta to Orlando on vacation. **MARIN** stated that he attempted to go inside of the Chinese restaurant nearby but they were closing. **MARIN** stated that he was arrested shortly after leaving the Chinese Restaurant. It should be noted that during both interviews **MARIN** and **BARBU** provided conflicting information. **MARIN** was unable to provide the location of his hotel, but stated that it was located in his GPS inside of his vehicle. **MARIN** was unable to provide the location of his vehicle. It should be noted that during the interview **MARIN's** phone continued to ring.

5

## Vehicle and Hotel Search

12.     At the conclusion of both **MARIN's** and **BARBU's** interviews Sgt. Marcy Pearce located **MARIN's** and **BARBU's** vehicle. During a consent search of the vehicle an Enterprise rental agreement was located bearing the name George Negoita along with a parking permit for the Blue Tree Resort. **BARBU** and **MARIN** confirmed that this was the location of their hotel. **BARBU** and **MARIN** both consented to the search of their hotel room. Deputy William Parker, Sgt. Diesler, and I responded to the hotel with **MARIN. MARIN** confirmed that room 18-116 was his room. Upon entry into the hotel room I went to the kitchen. I noticed that the oven light was on and partially cooked food was on top of the stove, but there were no other occupants of the room present at that time. The majority of the lights were on and the hotel room was in disarray. There was no luggage in the room.

## Conclusion

13.     I respectfully submit that this affidavit supports probable cause for an arrest warrant for **CRISTIAN OCTAVIAN BARBU** and **DOBRA GIGORE MARIN** for

violations of 18 U.S.C. § 1029(a)(4) (Access Device Fraud) and 18 U.S.C. § 1029(b)(2)

(Conspiracy to Commit Access Device Fraud)

This concludes my affidavit.

Charles Johnsten, Special Agent
United States Secret Service


Sworn and subscribed before me
this _16_ th day of September, 2013.

THE HONORABLE DAVID A. BAKER
United States Magistrate Judge

7